# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 16-0167V
## Filed: February 3, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MELISSA LOPEZ and ADAM              *
GONZALEZ, on behalf of L.G., a minor *
                                    *
            Petitioners,            *
                                    *
v.                                  *
                                    *       Attorneys' Fees and Costs;
SECRETARY OF HEALTH                 *       Special Processing Unit ("SPU")
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*John Robert Howie, Jr., Howie Law, PC, Dallas, TX, for petitioners.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 3, 2016, Melissa Lopez and Adam Gonzalez ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioners alleged that L.G. suffered intussusception, bowel resection, and the sequela as a result of a rotavirus vaccine L.G. received on April 9, 2015, when L.G. was four months old. Petition at 1. On December 27, 2016, the undersigned issued a decision awarding compensation to petitioners based on respondent's proffer. (ECF No. 32).

On January 31, 2017, petitioners filed a motion for attorneys' fees and costs. (ECF No. 36). Petitioner request attorneys' fees in the amount of $12,763.00, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $579.42, for a total amount of $13,342.42.  *Id.* at 1.  In compliance with General Order #9, petitioners filed a signed statement indicating they incurred no out-of-pocket expenses.

On February 2, 2017, respondent filed a response to the motion for attorneys' fees and costs stating that respondent does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for the proceedings to date. Respondent states that the lack of objection should not be construed as an admission, concession or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioners' request and the lack of opposition from respondent, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,342.42,[3] as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel Howie Law, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.